UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAPRICE NEWTON,

    PLAINTIFF,

CASE NO. 6:21-cv-1110-WWB-EJK

v.

BEST ENGINEERED SURFACE
TECHNOLOGIES, LLC doing
Business as WINDSOR METAL
FINISHING,

    DEFENDANT.
_____/

## ANSWER

COMES NOW Defendant, BEST ENGINEERED SURFACE TECHNOLOGIES, LLC, doing business as WINDSOR METAL FINISHING, by and through its undersigned attorney, and hereby answers the Plaintiff's Complaint as follows:

1. Admitted that this action invokes the stated statutes. All other allegations are denied.

2. Admitted for purposes of jurisdiction.

3. Admitted for purposes of jurisdiction.

4. Admitted for purposes of jurisdiction.

5. Admitted.

6. Admitted for purposes of venue.

7. Admitted that Caprice Newton is a natural person. Without knowledge as to her place of residence. Admitted that Mrs. Newton was previously employed by Defendant and that one of the positions she held while so employed was that of industrial products estimator. Otherwise, denied.

8. Admitted.

9. Denied as to the stated dates of Mrs. Newton's employment. Also denied as to the alleged position that Mrs. Newton Held during such time. Denied that in March 2019, Plaintiff and other African American employees began to be subject to racially adverse, derogatory and harassment by Mrs. Rivera. All allegations as to Mrs. Rivera's alleged comments to Mrs. Newton, and all allegations as to Mrs. Rivera's purported actions toward Mrs. Newton, are denied. Denied that Mrs. Newton voiced any such complaints to management and denied that management ignored and/or dismissed such complaints.

10. Admitted that Mrs. Newton was promoted to estimator and admitted that she held such position until her employment ended in May 2020. Denied that such promotion occurred in March 2019. Denied that Mrs. Newton was compelled to leave Defendant's employment. Denied that Mrs. Newton was subjected to racial harassment and discrimination and denied that she was subjected to a hostile work

environment. Denied that Mrs. Rivera was constantly accusing Mrs. Newton of issues at work that had been caused by Hispanic employees.

11. Denied that Mrs. Rivera made false allegations against Mrs. Newton. Denied that Mrs. Rivera falsely accused Mrs. Newton of being behind in her work regarding the ERP system. Without knowledge as to whether any Hispanic employees were behind in their work regarding the ERP system. Denied that Mrs. Rivera falsely accused Mrs. Newton of making shipping errors or blamed the shipping errors of Hispanic employees on Mrs. Newton. Denied that Mrs. Rivera falsely accused Mrs. Newton of inputting information relating to paint inventory. Without knowledge as to the purported incident concerning Mrs. Newton and Mrs. Rosario. Denied that false accusations were constantly and pervasively directed at Plaintiff due to her race.

12. Denied that Mrs. Rivera constantly harassed Mrs. Newton by calling her a "loudmouth," "liar," and "troublemaker." Without knowledge as to whether Mrs. Rivera ever referred to Hispanic employees in such a manner. Denied that Mrs. Rivera treated other African American employees in a discriminatory manner. Denied that Mrs. Newton was harassed and referred to in derogatory terms based upon her race. Defendant is unable to respond to Mrs. Newton's allegation that she was never reprimanded, disciplined, or written up for causing any type of dissention in the workplace since it is unclear what the phrase "any type of dissention" refers

to. Mrs. Newton was verbally counseled on September 13, 2019 for, among other things, improper behavior in the workplace.

13. Denied that similarly situated Hispanic employees were treated more favorably than Mrs. Newton and denied that they were given preferential treatment. Denied that Mr. Cabrera and Mr. Ortiz received more lenient and/or more favorable treatment than Mrs. Newton, by Mrs. Rivera. Denied that Mrs. Newton walked around the office complaining about Mrs. Rivera being behind in her work, being late ordering paint, failing to get enough paint ordered or blended or making other errors while, at the same time, ignoring similar actions by Mr. Cabrera and/or Mr. Ortiz. Denied that Mrs. Rivera treated Mrs. Newton in a discriminatory manner based upon Mrs. Newton's race.

14. Denied that Mrs. Newton performed the same work as Mr. Cabrera and Mr. Ortiz. Admitted that Mr. Cabrera and Mr. Ortiz received commissions. Denied that Mrs. Newton is owned $15,000.00 in commissions. Without knowledge as to whether Mrs. Rivera ever requested that Mrs. Newton confirm whether Mr. Cabrera and Mr. Ortiz had gotten their paint orders in before Mrs. Newton sent hers out. If so, denied that any such request(s) was improper and denied that Mrs. Newton's race was the basis (in whole or in part) for such request(s).

15. Denied that Mrs. Newton and other African American employees were discriminated against or disparately treated by Mrs. Rivera. Denied that the

purported circumstances concerning Mrs. Newton and Edwin Torres are accurately depicted and denied that the purported statements and actions by Mrs. Rivera are accurately depicted. Denied that any critique, direction, and/or criticism of Mrs. Newton by Mrs. Rivera, concerning the circumstances involving the referenced "paperwork" incident between Mrs. Newton and Mr. Torres, was based (in whole or in part) upon Mrs. Newton's race or was inappropriate. Denied that Mrs. Rivera treated Hispanic employees and/or white employees more favorably than Mrs. Newton.

16. Denied that Mrs. Rivera stated, "black people are useless." Denied that Mrs. Rivera made personal attacks upon Mrs. Newton and other African American employees. Denied that Mrs. Newton had to endure derogatory, racist, and discriminatory treatment and denied that there was a racially hostile environment. Denied that Mrs. Rivera treated job applicants differently because of their race or skin color.

17. Denied that Mrs. Rivera intentionally, purposefully, and actively tried to undermine Mrs. Newton in any way. Denied that Mrs. Rivera treated Mrs. Newton differently, as compared to Hispanic employees, because of Mrs. Newton's race. Denied that Mrs. Rivera engaged in and initiated a campaign of harassment, discriminatory treatment, and personal attacks and affronts on Mrs. Newton.

18. Denied that Mrs. Rivera discriminated against Mrs. Newton because of Mrs. Newton's race and denied that Mrs. Rivera subjected Mrs. Newton to any adverse employment action as retaliation for complaining to management about discrimination. Denied that Mrs. Newton complained to management. Denied that Mrs. Rivera falsely accused Mrs. Newton of leaking information to Mrs. Rivera's supervisor. Admitted that on September 13, 2019, Mrs. Rivera issued a verbal counseling memo concerning Mrs. Newton, arising from certain actions of Mrs. Newton on that date. Denied that Mrs. Rivera fabricated information regarding said actions and or said memo. Admitted that Mrs. Newton refused to sign said memo. Admitted that Mrs. Newton subsequently received a favorable review from Mrs. Rivera and received a raise in pay. Denied that said favorable review and said pay increase demonstrate or reflect any sort of retaliation.

19. Denied that Mrs. Newton complained to management. Denied that any criticism or critique of Mrs. Newton by Mrs. Rivera was motivated (in whole or in part) by Mrs. Newton's race or by any perception (erroneous though it may have been) by Mrs. Rivera that Mrs. Newton complained to management about Mrs. Rivera. Denied that Mrs. Rivera ever accused Mrs. Newton of anything for the purpose of damaging Mrs. Newton's employment opportunities. Denied that Plaintiff was constructively discharged. Denied that Mrs. Newton was berated,

belittled, humiliated, and verbally attacked for a mistake that another employee was responsible for.

20. Denied that Mrs. Rivera treated Mrs. Newton less favorably than Hispanic employees regarding Mrs. Newton's job duties. Denied that Mrs. Rivera was untruthful. Denied that Mrs. Rivera subjected Mrs. Newton to constant criticism, verbal attacks, and ostracism after Mrs. Newton purportedly complained to management. Mrs. Newton did not complain to management and thus there is no causal between such non-existent complaint(s) and any treatment of Mrs. Newton by Mrs. Rivera and/or by management.

21. Denied that Mrs. Newton complained to management. Denied that there was any race-based discriminatory treatment of Mrs. Newton by Mrs. Rivera. Denied that there was a hostile work environment. Denied that Mrs. Newton was constructively discharged.

22. Defendant incorporates its answers by reference as set forth in Paragraphs 1-21 herein.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied.

27. Denied.

28. The sentence in Paragraph 28 is comprised of a partial quotation from a statute; that statute speaks for itself, but Defendant admits that Plaintiff's partial quotation appears accurate.

29. The sentence in Paragraph 29 is comprised of a partial quotation from a statute; that statute speaks for itself, but Defendant admits that Plaintiff's partial quotation appears accurate.

30. Denied.

31. Defendant incorporates its answers by reference as set forth in Paragraphs 1-21 herein.

32. Without knowledge.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendant incorporates its answers by reference as set forth in Paragraphs 1-21 herein.

39. Without knowledge.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## General Denial

Any allegation contained in Plaintiff's complaint that has not been specifically and expressly admitted or explained by Defendant herein is hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

As separate and complete defenses hereto, and without waiving any of the above, Defendant offers the following affirmative defenses:

1. Defendant had a policy in place prohibiting discrimination and retaliation in the workplace and said policy established reporting and investigation protocols which were well-known and easily available for any employee to understand and utilize. These protocols were set forth in Defendant's Employee Handbook, which was provided to all employees upon commencement of their employment with Defendant. This Handbook was provided to Plaintiff. The Employee Handbook outlines Defendant's policies and procedures regarding discrimination and harassment, explains how to report discrimination and harassment, explains how investigations will be conducted, and provides that Defendant will not retaliate against any person for making a good faith complaint, regardless of the outcome of

the investigation. Additionally, there is a separate Anti-Harassment and Anti-Discrimination Policy that has been in effect for many years. This Policy reiterates Defendant's policies and procedures regarding discrimination and harassment, and it explains how to report discrimination and harassment, and outlines the steps that Defendant will take to investigate any such complaints. Plaintiff received a copy of the Anti-Harassment and Anti-Discrimination Policy in May 2015. However, Plaintiff unreasonably failed to ever report any incident of harassment or discrimination to Defendant. Accordingly, as set forth above, Defendant exercised reasonable care to prevent and correct any racially based mistreatment of Plaintiff and/or to correct any racially hostile workplace, but Plaintiff unreasonably failed to take advantage of any such preventive or corrective opportunities. Defendant relies upon *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and related case law in support of this affirmative defense.

    2.    Defendant's actions or inactions concerning Plaintiff complied with all relevant and applicable laws and were based on legitimate, non-discriminatory, and non-retaliatory reasons, and neither Plaintiff's race nor any other protected characteristic was a motivating, determinative, or any factor in Defendant's actions and/or inactions regarding Plaintiff.

3. Plaintiff cannot establish a claim of retaliation, as there is no causal connection between any alleged protected activity and the alleged adverse employment action(s) or that Plaintiff would not have been subjected to such alleged adverse action "but for" the alleged protected activity.

4. Defendant denies that Plaintiff is entitled to recover any damages or other relief; in the alternative, upon information and belief, Plaintiff's damage claims are barred in whole or part by reason of her failure to mitigate her alleged damages and/or the doctrine of after-acquired evidence; further, in the alternative, to the extent Plaintiff has mitigated her damages, Defendant is entitled to a credit or setoff.

5. Plaintiff's claims are barred to the extent that they arise from conduct occurring more than 365 days prior to the filing of any charge of discrimination with the EEOC or the FCHR. Plaintiff has failed to exhaust his administrative remedies and this Court has no jurisdiction.

6. Plaintiff's claims are barred to the extent that they exceed the scope of any charge of discrimination filed with the EEOC or the FCHR. Plaintiff has failed to exhaust his administrative remedies and this Court has no jurisdiction.

7. Plaintiff's claims under Title VII and the Florida Civil Rights Act are barred to the extent they were not filed within 90 days of the issuance of the notice of right to sue.

8. Should a finder of fact determine that any of Defendant's actions were based on a discriminatory motive, Defendant asserts that it would have engaged in the same actions regardless of such motive.

9. Plaintiff is barred from recovery in this action or alternatively, any such recovery is to be reduced, to the extent that he has failed to mitigate his losses and damages.

10. If any damages are awarded, they are subject to the statutory caps applicable to Florida Statutes Chapter 760 and Title VII.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert any and all additional defenses as may be determined necessary during the course of discovery and to seek attorneys' fees and costs under any applicable statute.

WHEREFORE, Defendant requests that, after due proceedings, all claims be dismissed with prejudice, and judgment be entered for Defendant, including attorneys' fees and costs and such relief at law or equity as this Court deems appropriate.

Respectfully submitted,

*/s/ Paul J. Scheck*
Paul J. Scheck, Esq.
Florida Bar No.: 028487
Primary E-mail: pscheck@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316

        */s/ John B. Trawick*
        John B. Trawick, Esq.
        John B. Trawick, PLLC 5101
        N. 12th Avenue
        Pensacola, FL  32504
        (850) 476-0495 - Telephone
        john@jbtrawicklaw.com
        kelly@jbtrawicklaw.com

        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2021, I electronically filed the foregoing Answer with the Clerk of the Court for the United States District Court for the Middle District of Florida by using the CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

        */s/ Paul J. Scheck*
        Paul J. Scheck

ORLDOCS 18872982 1